**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3368-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY D. KILLE,

     Defendant-Appellant.

_____

Submitted October 15, 2025 – Decided November 25, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 18-11-0871.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Andrew B. Johns, Gloucester County Prosecutor, attorney for respondent (Michael Mellon, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Anthony Kille appeals from a May 2, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He argues that his trial counsel was ineffective in not adequately arguing for a charge on protective purpose and not arguing for mitigating factors during his sentencing. Because defendant did not make a prima facie showing of ineffective assistance of counsel and because certain of his arguments were already considered and rejected on his direct appeal, we affirm.

I.

The facts were set forth in our opinion on defendant's direct appeal. See State v. Kille, 471 N.J. Super. 633 (App. Div. 2022). Accordingly, we will only summarize the relevant facts and procedures related to this PCR appeal.

On August 15, 2018, defendant was a passenger in a vehicle, which had a near accident with another car in which the victim was a passenger. A verbal argument ensued between the victim and defendant.

Ten days later, defendant and the victim got into another confrontation and they "squared up" to fight. Defendant then dropped his cell phone and the victim picked it up and stated, "this is mine now." Defendant left stating "I'm gonna be right back."

2

Shortly thereafter, defendant returned with a gun and confronted the victim. When the victim charged at defendant, defendant shot at the victim, and the two men began to fight. Ultimately, the victim suffered several gun wounds which caused his death.

A jury found defendant guilty of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as a lesser-included offense of murder. The jury also convicted defendant of two weapons offenses: second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1), and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). After merging the weapons offenses into the aggravated manslaughter conviction, the trial court sentenced defendant to twenty-four years in prison with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal challenging both his convictions and his sentence. Kille, 471 N.J. Super. at 638. Among other arguments, defendant challenged his weapons convictions contending the trial court erred in denying his request for a protective purpose charge. Id. at 646-47. We held that there was "sufficient evidence" for the protective purpose charge and that failure to give the instruction as it related to the weapons offenses required reversal of

those convictions.  Id. at 648.  In making that holding, we pointed out that protective purpose could negate the weapons offenses requisite mental state that defendant possessed the weapon for an unlawful purpose.  Id. at 647.  We also pointed out that the lack of an instruction for protective purpose concerning the weapons offenses did not "affect his conviction for aggravated manslaughter." Id. at 648.

On his direct appeal, we also addressed defendant's arguments concerning his sentence and the aggravating and mitigating factors found by the sentencing court.  Ibid.  Ultimately, we held that the sentencing court had carefully considered all aggravating and mitigating sentencing factors, and we affirmed the twenty-four-year sentence for the aggravated manslaughter conviction.  Id. at 649.  Thereafter, the New Jersey Supreme Court denied defendant's request for certification.  State v. Kille, 252 N.J. 228 (2022).

Following our reversal and remand, the State elected not to retry defendant on the weapons offenses and his judgment of conviction was amended to dismiss those offenses but retained the sentence on the aggravated manslaughter conviction.

Thereafter, defendant filed a petition for PCR.  He was assigned counsel and the PCR court heard arguments on defendant's petition.  In his petition,

defendant argued that his trial counsel had been ineffective in not arguing for a jury instruction on protective purpose as it related to the murder charge and the lesser included charge of aggravated manslaughter. He also argued that his trial counsel was ineffective at sentencing in failing to adequately argue for mitigating factor four and failing to argue for mitigating factor five. The PCR court considered those arguments, and, on May 2, 2024, the court issued an order denying defendant's petition. The PCR court supported its ruling with a written opinion explaining the reasons for the denial.

Defendant now appeals from the order denying his PCR petition.

## II.

On this appeal, defendant makes one argument with two subparts, which he articulates as follows:

> DEFENDANT'S CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED WHEN COUNSEL FAILED TO ADEQUATELY ARGUE THAT THE JURY BE GIVEN AN INSTRUCTION ON PROTECTIVE PURPOSE AND FAILED TO ADEQUATELY ARGUE ALL MITIGATING FACTORS AT SENTENCING.
>
> (A)  DEFENDANT HAS MADE A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO ADEQUATELY ARGUE THAT THE JURY BE GIVEN AN INSTRUCTION ON PROTECTIVE PURPOSE.

A-3368-23

(B)  DEFENDANT HAS MADE A <u>PRIMA FACIE</u> CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO ADEQUATELY ARGUE MITIGATING FACTORS AT SENTENCING.[1]

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." <u>State v. Aburoumi</u>, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing <u>State v. Jackson</u>, 454 N.J. Super. 284, 291 (App. Div. 2018)).  "The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution both guarantee an accused in a criminal prosecution the right to the effective assistance of counsel." <u>State v. Taccetta</u>, 200 N.J. 183, 192-93 (2009) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J 42, 58 (1987)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong <u>Strickland</u> test showing:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687; <u>accord</u> <u>Fritz</u>, 105 N.J. at

---

[1]  We have excluded defendant's heading entitled "APPLICABLE LAW" because that was not an argument; rather, it is simply a statement of law.

58 (adopting the <u>Strickland</u> two-prong test). Failure to meet either prong of the <u>Strickland</u>/<u>Fritz</u> test results in the denial of a petition for PCR. <u>State v. Parker</u>, 212 N.J. 269, 280 (2012).

Under the first prong, counsel's representation must be objectively unreasonable. <u>State v. Pierre</u>, 223 N.J. 560, 578 (2015) (citing <u>Strickland</u>, 466 U.S. at 688). "The test is not whether defense counsel could have done better, but whether [he or she] met the constitutional threshold for effectiveness." <u>State v. Nash</u>, 212 N.J. 518, 543 (2013). The court should review counsel's performance in the context of the evidence against defendant at the time of trial. <u>State v. Castagna</u>, 187 N.J. 293, 314 (2006). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." <u>State v. Worlock</u>, 117 N.J. 596, 625 (1990).

Under the "'second, and far more difficult, prong of the' <u>Strickland</u> standard," <u>State v. Gideon</u>, 244 N.J. 538, 550-51 (2021) (quoting <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992)), a defendant "'must show that the deficient performance prejudiced the defense.'" <u>State v. O'Neil</u>, 219 N.J. 598, 611 (2014) (quoting <u>Strickland</u>, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 551 (alteration in original) (quoting Strickland, 466 U.S. at 694).

A.    The Protective Purpose Charge.

Defendant argues that his trial counsel was ineffective in failing to request a protective purpose charge as it related to the murder charge and the lesser included aggravated manslaughter charge.  He contends that the protective purpose instruction was important because it was intertwined with defendant's claim of self-defense.  He goes on to argue that although we affirmed his conviction for aggravated manslaughter on the direct appeal, his trial counsel had been ineffective in not arguing for a protective purpose charge in connection with the self-defense charge.

We reject this argument for two reasons.  First, in rejecting defendant's direct appeal challenging his aggravated manslaughter conviction, we expressly held that the failure to give the protective purpose charge did not affect the aggravated manslaughter conviction.  Kille, 471 N.J. at 648.  At trial, defendant's counsel had requested the court to include the protective purpose charge in connection with the weapons charges.  We held that the charge was relevant to

negate "the crime's requisite mental state that [the] defendant possessed the firearm for an unlawful purpose." Id. at 647 (emphasis omitted).

After making that holding, we added: "We hasten to add that reversal of defendant's convictions on the two weapons offenses do not affect his conviction for aggravated manslaughter, which we affirm." Id. at 648. We made that holding because a protective purpose charge is not relevant to the charge of murder or aggravated manslaughter because protective purpose is not a relevant defense to those offenses. As we explained in our decision on the direct appeal, there is a difference between self-defense and protective purpose because self-defense requires both an honest and reasonable belief in the need to use force and protective purpose requires only an honest belief, but not a reasonable one. Id. at 647 (citing State v. Williams, 168 N.J. 323, 334-35 (2001)); see also State v. Pridgen, 245 N.J. Super. 239, 247-48 (App. Div. 1991) (explaining the difference between an honest belief and an unreasonable belief that relates to a crime with a reckless culpability requirement).

Second, even if we had not expressly rejected defendant's argument on the direct appeal, it lacks merit. Defendant has shown neither a deficient performance nor prejudice in trial counsel's failure to argue for a protective purpose charge as it relates to the murder charge and the lesser-included

aggravated manslaughter charge. For the reasons just explained, a protective purpose charge is not relevant. For the same reason, defendant cannot show prejudice because the court would have correctly not given that charge as it relates to the murder and aggravated manslaughter charges. In that regard, a protective purpose is not intertwined with self-defense to murder or aggravated manslaughter. See State v. Mieles, 199 N.J. Super. 29, 40-41 (App. Div. 1985) (noting the difference between "the purpose for which defendant possessed the gun" and how it was ultimately used). There is no protective purpose to have a gun and use it to shoot another person. See Williams, 168 N.J. at 335 (holding that belief in the need to use force for a "protective purpose," if unreasonable, could not serve as defense to an attempted murder charge); State v. Coyle, 119 N.J. 194, 228 (1990) (maintaining that there is no independent category of justification under imperfect self-defense in New Jersey); see also State v. Lopez, 213 N.J. Super. 324, 329-30 (App. Div. 1985) (holding that "returning . . . with the gun together with the knowledge that there probably would be a confrontation with deadly force" did not constitute self-defense). Instead, a defendant who has shot another person can claim self-defense. State v. Bragg, 260 N.J. 387 (2025) (self-defense is a recognized statutory defense to the use of deadly force); see also State v. Rodriguez, 195 N.J. 165 (2008).

B.    The Sentencing.

In his second argument, defendant argues that his trial counsel was ineffective in arguing for mitigating factor four and not seeking mitigating factor five at sentencing.  We reject his argument for two reasons.

First, this argument is procedurally barred because defendant raised these same issues in his direct appeal.  See R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive.").  We rejected those issues as it relates to the aggravated manslaughter sentence and, therefore, defendant is procedurally barred from making this argument a second time.  Kille, 471 at 649; see Preciose, 129 N.J. at 459 (post-conviction relief is not "an opportunity to relitigate cases already decided on the merits").

Moreover, a review of the sentencing record establishes that defendant's counsel did argue for mitigating factor four.  The trial court considered and rejected that mitigating factor.  The trial court also considered mitigating factor five but rejected that factor as well.  Consequently, even if defendant could raise these arguments, he can show no prejudice because the sentencing court considered both the mitigating factors that he now wants to claim his trial counsel was ineffective in raising.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-3368-23